# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

October 26, 2016

**VIA ECF**
The Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *Shekar v. Delancey's Orchard LLC, et al.*
           <u>15 Civ. 5022 (ER) (Settlement of Matter)</u>

Dear Judge Ramos:

    We represent plaintiff Soma Chandra Shekar in the above-referenced wage and hour matter. Together with defense counsel, Marshall B. Bellovin, Esq., we submit this letter to inform the Court that the parties have reached a settlement in principle and will no longer try this action.

    The primary terms of the parties' settlement in principle are:

1) Defendants shall pay plaintiff the sum of $30,0000.00 in monthly installments, due on the first of each month, from December 2016 to December 2017. The first installment, due on December 1, 2016, shall be for $6,000. All remaining installments, due on the first of each month from January to December 2017, shall be for $2,000. Defendants shall begin to make the installment payments set forth in this Paragraph within seven (7) calendar days of the Court's approval of the parties' settlement.

2) Notwithstanding the foregoing, the payment schedule set forth in Paragraph 1 shall not be postponed or otherwise delayed pending the Court's review and approval of the Parties' settlement of this action. For the sake of clarity, the parties provide the following example: If the Court approves the Parties' settlement agreement on February 3, 2017, then seven (7) days later, by February 10, 2017, defendants shall pay plaintiff $10,000, equal to the sum of (a) the first installment payment of $6,000, which was due by December 1, 2016; (b) the second installment payment of $2,000, which was due by January 1, 2017; and (c) the third installment payment of $2,000, which was due by February 1, 2017.

3) In the event of default, Defendants shall be required to pay all outstanding installment payments under the parties' settlement agreement plus liquidated

damages of $15,000. However, defendants shall have 15 calendar days to cure a default. Defendants' cure period is initiated by plaintiff's counsel's sending of a notice to cure, via e-mail and/or facsimile, to defense counsel.

4) The named defendants shall sign affidavits of confession of judgment for $30,000, plus liquidated damages of $15,000, for a total of $45,000, minus whatever amounts were already paid under the settlement agreement.

5) The parties agree to mutual general releases.

6) The parties agree to mutual non-disparagement clauses, but plaintiff shall still have the right to make truthful statements about his employment with defendants and his experience litigating this action.

7) The parties jointly request that the Court retain jurisdiction over this action and incorporate all terms of the parties' settlement agreement into its Order.

As required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the parties will reduce their settlement to a written contract and submit it to the Court for review and approval. Accordingly, the parties respectfully request that the Court issue an Order setting forth the content required in, and deadline for, the parties' joint submission for settlement approval. Furthermore, in light of the parties' settlement in principle of this matter, the parties jointly request that all trial dates and pre-trial submission deadlines be postponed *sine die*.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

Gianfranco J. Cuadra

cc: Marshall B. Bellovin, Esq. (attorney for defendants)